UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO:

CHANDLY PIERRE,

        Plaintiff,

v.

LUIS E. SIERRA a resident of
the State of Florida.

        Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, CHANDLY PIERRE ("Chandly"), sues Officer LUIS E. SIERRA

("Officer Sierra" or "Defendant"), and alleges:

### THE PARTIES, JURISDICTION, AND VENUE

At all times material to this action:

1.      Chandly is a resident of Miami-Dade County, Florida.

2.      Defendant, Luis E. Sierra, was a sworn police officer employed by the City of

Miami Police Department and was a resident of the State of Florida.

3.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1331 and 42 U.S.C. § 1983.

4.      Venue is proper because the events which gave rise to this claim all occurred

within Miami-Dade County, Florida.

### THE FACTS GIVING RISE TO THE CLAIM

5.      On November 17, 2012, Chandly was driving a 2005 Mercedes CL600 and Julius

Quinn was his front seat passenger.

6.     The City of Miami Police Department ("MPD") detained Chandly for driving under the influence of alcohol ("DUI") and arrested Julius for resisting arrest without violence.

7.     At all times relevant to this incident, both Chandly and Julius were located inside one of MPD's DUI investigation rooms and handcuffed behind their back.

8.     Officer Luis E. Sierra and Officer Melanie Ortiz were also inside the DUI investigation room with Chandly and Julius.

9.     Chandly was sitting at the end of a table in front of a breathalyzer machine; Officer Sierra was sitting next to him conducting the DUI investigation.

10.    Julius Quinn and Officer Melanie Ortiz were sitting at the other end of the table.

11.    When the police stopped Chandly earlier that day, he suffered injuries to his mouth, teeth and gums after Officer Ezra D. Washington battered him, while he was handcuffed.

12.    Chandly was still bleeding from his mouth while Officer Sierra was conducting his investigation.

13.    Chandly was forced to either swallow his blood or spit into the trash can – Chandly chose to spit in the trash can.

14.    Apparently, Officer Sierra was upset that Chandly had spit in the trash can, and without any warning whatsoever, Officer Sierra tackled Chandly while he was handcuffed, pushed him off of the chair, and tackled him onto the floor.

15.    While he was on the floor, handcuffed and unable to protect his body from being beaten, Officer Sierra repeatedly kicked Chandly in the face and body.

16.    Since Chandly was handcuffed, he was unable to break his fall or defend himself.

17.    As a result, Officer Sierra exacerbated Chandly's earlier injuries and caused additionally bruising and abrasions to his face and torso.

18.     Officer Sierra lied to Officer Thompson and stated that Chandly spit on him, which was totally untrue.

19.     Officer Sierra had Officer Thompson arrest Chandly for battery upon a law enforcement officer, which is a third degree felony under Florida law punishable by up to five years in prison.

20.     From November 17, 2012, through September 3, 2014, Officer Sierra continued to lie and maintain that Chandly had spit on him, which he repeatedly provided false testimony through at least two depositions and in sworn statements which he gave to the State Attorney's office.

21.     The State continued to prosecute Chandly based upon Officer Sierra's complete fabrication of facts and his encouragement.

22.     Finally, on September 3, 2014, the State dropped the charges against Chandly on the first day of trial, after having unsuccessfully attempted to have him plead to charges which would have required Chandly to provide false testimony to the Court.

23.     Chandly has been required to hire undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services for which Officer Sierra is responsible.

WHEREFORE, Chandly Pierre demands judgment for his damages, plus reasonable attorney's fees, the costs of prosecuting this action and such further relief as this Court deem just and proper.

### COUNT I: FOURTH AMENDMENT EXCESSIVE FORCE –
### OFFICER LUIS E. SIERRA

24.     Chandly re-alleges the allegations contained in paragraphs 1-23 of this Complaint.

3

25.     This action is brought by Chandly Pierre pursuant to title 42, section 1983, United States Code, for the deprivation of his Civil Rights caused by City of Miami Police Officer Luis E. Sierra.

26.     Officer Sierra violated Chandly's clearly established Fourth Amendment right to be free from excessive force by using force against him that was unwarranted and unreasonable under the circumstances.

27.     Chandly neither spat at, near, or on any officer, nor did he make any threatening movements or comments toward them.

28.     Officer Sierra's actions were excessive, unreasonable, and unwarranted under the circumstances and caused Chandly to sustain extensive damages, humiliation, and embarrassment.

29.     Chandly has lost the capacity to enjoy life, has been permanently scarred and severely injured, and has sustained other compensable injuries and other significant damage and injury, including psychological injury.

30.     Officer Sierra was acting under color of state law as a police officer and intentionally committed such acts.

31.     Accordingly, the Officer Sierra is liable to Chandly for his damages.

WHEREFORE, Plaintiff, CHANDLY PIERRE, demands judgment for his economic and noneconomic damages, attorney's fees, the costs of prosecuting this action, and any other relief this Court deems proper and just.

## COUNT II: STATE LAW MALICIOUS PROSECUTION – OFFICER LUIS E. SIERRA

32.     Chandly re-alleges the allegations contained in paragraphs 1-23 of this Complaint.

33.     This action is brought by Chandly for malicious prosecution under the laws of the State of Florida.

34.     This Court has pendent jurisdiction to entertain this claim because it and the federal **claim** arise out of the same common nucleus of operative fact and thus are transactionally related.

35.     Chandly complied with all conditions precedent to filing this lawsuit under 768.28.

36.     Officer Sierra caused a criminal judicial proceeding to commence against Chandly for battery on a law enforcement officer.

37.     The criminal case was instigated by Officer Sierra's complete lies to Officer Thompson and the State Attorney's Office when he stated that Chandly spit on him.

38.     On September 3, 2014, the state law battery case ended in Chandly's favor when the State Attorney's Office dropped all charges against him.

39.     Officer Sierra acted maliciously by continuing his lies and had no probable cause to believe that Chandly had spit on him.

40.     Chandly sustained damages including the loss of capacity to enjoy life, he has been permanently scarred and severely injured, and he has sustained other compensable injuries and other significant damage and injury, including psychological injury.

41.     Accordingly, Officer Sierra is liable to Chandly for his damages.

WHEREFORE, Plaintiff, CHANDLY PIERRE, demands judgment for his economic and noneconomic damages, attorney's fees, the costs of prosecuting this action, and any other relief this Court deems proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of all issues so triable as of right by a jury.

**DATED:** November 14, 2016.

> Joseph P. Klock, Jr., Esq., FBN 156678
> jklock@rascoklock.com
> Miguel A. Morel, Esq., FBN 89163
> mmorel@rascoklock.com
> RASCO KLOCK  PEREZ NIETO
> 2555 Ponce de Leon Blvd., Suite 600
> Coral Gables, Florida 33134
> Telephone: 305.476.7100
> Facsimile: 305.675.7707
>
>
> *Counsel for the Plaintiff, Chandly Pierre*
>
> By: /s/ Joseph P. Klock, Jr.
>          Joseph P. Klock Jr.